DASKAM, Receiver, Respondent, vs. NEFF and others, Appellants.

*February 7 — February 24, 1891.*

*Creditors' suit to set aside fraudulent conveyances: Pleading.*

1. A sheriff's return of an execution, with his indorsement thereon that it is wholly unsatisfied, is sufficient evidence that the legal remedies have been exhausted; and is a sufficient basis, under sec. 3029, R. S., for a creditors' suit, to reach property held in trust for the judgment debtor, and to set aside fraudulent conveyances made by him.

2. The complaint in such action need not set forth the return *in hæc verba*, in order to show the regularity of the officer's proceedings.

3. The complaint must clearly show that the plaintiff has exhausted his legal remedies and been unable to collect his judgment, but it need not allege that the defendant has no other property to satisfy it than that described.

APPEAL from the Circuit Court for *Langlade* County. The case sufficiently appears in the opinion.

*Benjamin M. Goldberg*, for the appellants, contended that the allegation in the complaint that the execution was returned wholly unsatisfied was insufficient to show that plaintiff had exhausted his remedy at law, and to give a court of equity jurisdiction. For that purpose a return of *nulla bona* was necessary. *McDowell v. Clark*, 68 N. C. 118; 2 Freeman, Executions, § 456; *Marston v. Dresen*, 76 Wis. 418; *Lee v. Lee*, 77 Ind. 251; *Platt v. Mead*, 9 Fed. Rep. 91.

*Thomas Lynch*, for the respondent.

COLE, C. J. This action is in the nature of a creditors' bill, wherein the plaintiff seeks to have set aside certain conveyances, alleged to be fraudulent as against creditors. It is not necessary to give a summary of the matters stated in the complaint. It appears from it that J. C. Lewis and

Irvin Gray recovered a judgment in March, 1888, against *E. Neff* and *A. E. Neff*, copartners. Only a portion of such judgment has been paid. An execution was issued on the judgment, which the sheriff returned wholly unsatisfied. After the return of the execution, supplementary proceedings were instituted, and in those proceedings the plaintiff herein was appointed receiver of the property and effects of the judgment debtors. The receiver has qualified and brings this action. It is alleged that each and both of the judgment debtors are insolvent; that the partnership has been dissolved, and that there are no assets of such copartnership, nor can any property be found which was owned by the judgment debtors jointly. The indebtedness on which the judgment was rendered was contracted between February, 1884, and June, 1886. The receiver is proceeding to collect the judgment out of the individual property of the judgment debtors. The complaint sets out a number of conveyances made by *E. Neff* to various parties, some to his wife, some to others, who paid no consideration for the property conveyed, and likewise shows transfers of personal property to various persons whose names are unknown, all of which transfers and conveyances are alleged to be fraudulent as to creditors. The usual relief is prayed for.

The defendant *E. Neff* and wife demurred to the complaint on the grounds "(1) that it appears on the face thereof that the court has not jurisdiction of the subject matter of the action; (2) because it appears on the face of the complaint that the plaintiff has not legal capacity to sue; (3) because the complaint fails to state a cause of action."

The first and third grounds of demurrer may be considered together. The specific objection to the complaint is that it does not appear that the judgment creditors have exhausted their legal remedy for the collection of their judgment, and it is said that this is essential before a court of equity will interfere to reach property held in trust, or

which the debtor has fraudulently disposed of. But the complaint does allege, in clear and positive language, that an execution was regularly issued on the judgment, and delivered to the sheriff of the county for service, which the sheriff afterwards returned wholly unsatisfied. Then the supplementary proceeding was instituted. This shows sufficiently that the judgment creditors had pursued their legal remedies to every available extent without success. *Prima facie* they have exhausted all legal remedies against the debtors' property, both real and personal. The cases are numerous in this court where the return of an execution by the sheriff with the indorsement thereon that it was wholly unsatisfied was deemed sufficient evidence that the legal remedies had been exhausted, and that a creditors' suit could be brought on such return, to reach property held in trust for the judgment debtor, and to set aside fraudulent conveyances made by him. Sec. 3029, R. S., authorizes and sanctions the practice by providing that whenever an execution against the property of any judgment debtor shall have been issued upon a judgment for the payment of money, and shall have been returned unsatisfied in whole or in part, the judgment creditor may commence an action against the judgment debtor or any other person for a discovery, and to reach equitable assets.

But it is contended that the return on the execution should have been set forth *in hæc verba,* so that the court could determine whether or not the execution was unsatisfied. If that were done, the court could only read the words of the return, which would not enlighten it greatly on that point. The presumption is that the return is correct, according to the real facts, and that the officer did his duty in endeavoring to find property of the judgment debtor out of which he could collect the amount named in the execution. It certainly was not necessary that the complaint should give a full history of the officer's proceed-

ings in trying to make the money on the execution, because the presumption is that he used due diligence in that regard.

It is further said that the complaint is bad because it does not allege that the judgment debtor had no other property than that described to satisfy the judgment. We do not think that any distinct allegation to that effect was essential. It does appear by satisfactory evidence that the judgment debtor had no property which could be reached through the process of the courts, and that he is insolvent. When the allegations of the complaint are considered altogether, there is no ground for saying that the complaint shows that the judgment debtor had other property or things in action out of which the judgment could have been collected. There was in *Marston v. Dresen,* 76 Wis. 418, an allegation in the complaint that the conveyances there attacked were without consideration, and that the debtor had no other property to satisfy the plaintiff's judgment. But no importance was given to this averment. Of course it must clearly appear in every case of this kind, from the complaint, that the plaintiff has exhausted his legal remedies, and has been unable to collect his judgment, before he can maintain a creditors' bill. But this is shown in the present case by the usual averments of the complaint.

We shall spend no time in endeavoring to show that, if the conveyances and transfers of property were made as charged in the complaint, they are fraudulent and void as to creditors. *Gettelmann v. Gitz,* 78 Wis. 439. It is elementary law that conveyances and transfers of property made under such circumstances are deemed fraudulent. True, a solvent debtor may do what he will with his property, so long as he pays his debts; but he has no right to give away his property, either to his wife or others, and thus deprive himself of means to pay his honest obligations. The law imputes fraud to such transactions, for it requires

that a man shall be just before he is generous.   The con-
veyances which were made to the wife were without con-
sideration, and those made to the other defendants were
fraudulent, as it is alleged that they were all executed and
received by the grantees with a knowledge of the grantor's
intent and purpose of placing his property beyond the
reach of his creditors.   In other words, the grantees par-
ticipated in the fraudulent purpose.   The complaint shows
that the $10,000 mortgage, given by *E. Neff* to his father,
is also fraudulent, and should be canceled.   It follows,
therefore, that the first and third grounds of demurrer are
not well taken, and the second, namely, that the plaintiff
has no legal capacity to bring this action, is so obviously
untenable that no remarks need be made upon it.   The de-
murrer was properly overruled.

*By the Court.*— The order of the circuit court is affirmed,
and the cause is remanded for further proceedings.