THE STATE BANK OF CHASE v. E. L. CHATTEN *et al.*
No. 10602.

FRAUDULENT CONVEYANCE—*only a judgment creditor can enjoin conveyance by holder of title under.* Where a debtor purchases land, pays the consideration therefor, and causes it to be conveyed to another, before a creditor can maintain an action to enjoin the holder of the title to the property from conveying it, he must reduce his claim against the debtor to judgment.

Error from McPherson District Court. F. L. Martin, Judge. Opinion filed April 9, 1898. *Affirmed.*

*Samuel Jones* and *C. F. Foley*, for plaintiff in error.

*O. E. Hopkins, John D. Milliken, J. Marshall Lamer* and *Burch & Burch*, for defendants in error.

ALLEN, J. E. L. Chatten was indebted to the plaintiff, the State Bank of Chase, on certain promissory notes which had been taken in compromise and settlement of prior obligations. Before the date of the notes, and while he was indebted to the Bank, he had purchased and paid for a tract of land which he caused to be conveyed to his wife, Fannie Chatten, who was made a co-defendant. This action was brought by the Bank to recover judgment on the notes, and to enjoin a transfer of the land until after a judgment could be obtained. Subsequently, by leave of the court, what is denominated a separate petition was filed against the same parties and in the same action, in which the only relief demanded was that the defendant be restrained from selling the property until after judgment could be obtained on the notes.

The contention of the plaintiff in error, plausibly and ingeniously urged by its counsel, is that under the statute concerning trusts and powers Mrs. Chatten holds the title to the real estate in question as trustee for the creditors of her husband. The sections relied on are as follows:

"SEC. 6. When a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter ; but the title shall vest in the former, subject to the provisions of the next two sections.

"SEC. 7. Every such conveyance shall be presumed fraudulent as against the creditors of the person pay-

ing the consideration therefor ; and where a fraudulent intent is not disproved, a trust shall in all cases result in favor of prior creditors to the extent of their just demands, and also in favor of subsequent creditors if there be sufficient evidence of fraudulent intent.'"

We remark, at the outset, that, if the contention of counsel for the plaintiff in error be sound, no necessity for delay in subjecting this property to the payment of the claim is apparent. If Mrs. Chatten is a trustee, holding the property for the benefit of the plaintiff and other simple contract creditors, she can be compelled to execute that trust, at once, by disposing of the land and paying the proceeds to those equitably entitled thereto.

In the early case of *Wiggins v. Armstrong*, 2 Johns. Ch. 144, Chancellor Kent declared the law as follows :

"The creditor must have completed his title at law, by judgment and execution, before he can question the disposition of the debtor's property. . . . The reason of the rule seems to be that, until the creditor has established his title, he has no right to interfere, and it would lead to unnecessary, and perhaps a fruitless and oppressive interruption of the exercise of the debtor's rights. Unless he has a certain claim upon the property of the debtor, he has no concern with his frauds."

And this has been recognized as the law from that time to the present day. Bump on Fraudulent Conveyances (4th ed.), §§ 526, 535; High on Injunctions (2d ed.), § 326 ; 10 Am. & Eng. Encyc. Law, 807 ; *Uhl v. Dillon*, 10 Md. 500, 69 Am. Dec. 172. If a debtor may not be restrained from disposing of his property before judgment and execution against him, *a fortiori*, a stranger cannot be. The sections of the statute above quoted make no change in the procedure to enforce the rights of a creditor. He has no standing to attack the title of the party to whom the

20—59 KAN.

land has been conveyed until after obtaining a judgment on his claim. *Ocean Nat'l Bank v. Olcott,* 46 N. Y. 12; *Underwood v. Sutcliffe,* 77 N. Y. 58. Section 248 of the Code of Civil Procedure, General Statutes 1897, does not affect the case, for the plaintiff has no right to vex Mrs. Chatten with litigation until its demand against her husband is established by judgment. In the case of *Tennent v. Battey,* 18 Kan. 324, it was held that an attachment lien was insufficient to give the creditor a standing to attack an assignment of the debtor's property claimed to be fraudulent. In this case, no lien whatever had been obtained on the property. Whether the land might have been subjected to the payment of plaintiff's claim under the garnishment act of 1889, we express no opinion; but the ruling of the court denying the injunction asked is clearly right.

The judgment is affirmed.