A. N. MOYER v. SAMUEL A. RIGGS AND W. W. NEVISON, *Partners as Riggs & Nevison*, AND SARAH E. JOHNSON.

#### No. 479.

CREDITOR'S BILL—*Insufficient Petition.* In an action by a judgment creditor in the nature of a creditor's bill, under the provisions of section 501 of the code (Gen. Stat. 1897, ch. 95, § 501, Gen. Stat. 1889, ¶ 4579), it is necessary that the petition contain an allegation that the judgment debtor has not personal or real property subject to levy on execution, or an allegation equivalent thereto.

Error from Wyandotte court of common pleas; W. G. HOLT, judge. Opinion filed December 15, 1898. Reversed.

*Hutchings & Keplinger*, for plaintiff in error.

*Morse & Morse*, for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: This was an action by Riggs & Nevison against Moyer and Johnson, in the nature of a creditor's bill, under the provisions of section 501 of the code. There was a general finding for the plaintiffs, and a judgment that Moyer pay to the plaintiffs sufficient of the money in his hands belonging to Johnson to satisfy the plaintiffs' judgment against her. The judgment in this case was rendered in the absence of the defendants. Subsequently there were two motions on behalf of Moyer to set aside the judgment. The first motion was on the grounds: (1) That the trial was had when the case did not stand for trial; (2) that the issues had not been joined in the case; (3) that the plaintiff was not entitled to judgment on the pleadings; and (4) that the judgment appears to be void on its face. The second motion is on the grounds: (1) That the petition states no cause of action; (2) that the answer contained new matter constituting a full defense to the claim set up in the petition and was not replied to, and the defendants did not waive a reply or assent to a trial without one; (3) because of mistake and omissions of the clerk in setting the case down in the trial docket at a time when the issues had not been joined, and because the judgment was rendered in the case as thus set for trial without the knowledge of the defendant or notice to him; (4) because on the face of the petition there is no cause of action stated against him; (5) because on the face of the answer not replied to the plaintiff was not entitled to any relief; and (6)

because the judgment was void on its face. These motions were both denied, and the rulings thereon constitute the first and second assignments of error in the brief. The third assignment of error is that the judgment was for the plaintiff when it should have been for the defendant.

The plaintiff in error contends, under the first assignment of error, that the petition states no cause of action, in that it fails to allege that at the time the suit was commenced Moyer had money of his co-defendant, Johnson, in his possession or under his control, and also because it does not state either that execution was issued on the judgment and returned "no property," or that the defendant Johnson was insolvent and had no property subject to execution. Is it necessary, in an action to recover assets not within the reach of an execution, to allege the issuance of an execution and a return of "no property," or facts that would make the issuing of an execution ineffectual? The language of the statute is:

"When a judgment debtor has no personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he may have in real estate . . . or any interest he may have in any banking, turnpike, bridge or other joint-stock company, or interest he may have in . . . any money, goods or effects which he may have in the possession of any person . . . shall be subject to the payment of such judgment by action, or as hereinafter prescribed."

The supreme court held, in *Ludes v. Hood, Bonbright & Co.*, 29 Kan. 53, that such an action is an independent action authorized by the code, and not a proceeding in aid of execution. If considered as a creditor's bill in the ordinary sense, it was necessary that the plaintiffs allege that execution had issued on

Moyer v. Riggs.

their judgment and that there had been a return thereof of "no property." (4 A. & E. Encycl. of L. 574, and cases there cited ; *Jones v. Green*, 1 Wall. 330 ; *Taylor v. Bowker*, 111 U. S. 110, 4 Sup. Ct. 397 ; *Kiser v. Sawyer*, 4 Kan. 503.)

If we should say that the action is governed entirely by the statute, then it is necessary that the plaintiff bring himself within its terms.   He would have to allege the recovery of a judgment, and that the defendants had no personal or real property subject to levy on execution sufficient to satisfy his judgment, or that he had had execution issued and that it had been · returned "no property."   "That the defendant had no property" would be a sufficient allegation to bring him within the statute.   The petition was fatally defective in not showing that the plaintiff was without relief by the ordinary process of the court, and for this reason the second motion to set aside the judgment and grant a new trial should have been sustained.

We do not deem it necessary to consider other contentions, as the conclusions herein expressed necessitate a reversal of the judgment and a new trial. The judgment is reversed, with directions to the court below to sustain the second motion and award to the defendants a new trial.