T. W. HARRISON v. MARGARET A. SHAFFER, *Execu-trix, et al.*

**No. 11045.**

1. ESTOPPEL— *Case Followed.* The case of *Limbocker v. Higin-botham*, 52 Kan. 696, 35 Pac. 783, followed.

2. ATTACHMENT— *Attacked by Other Creditors.* A final judgment sustaining an attachment and ordering the property sold, followed by a sale, confirmation, and sheriff's deed to the property, are sufficient to divest the title of the debtor, and are not open to attack for irregularity by one who had obtained no lien on the property, judgment or otherwise, until after the confirmation of the sale.

3. ———— *Fraudulent Conveyances—Rights of Simple Contract Creditor.* Where property has been fraudulently conveyed by an insolvent debtor to his minor children, and a creditor, after having prosecuted a claim against the debtor by attachment on the land to final judgment, and after confirmation of a sale thereunder to him, obtains a judgment against the fraudulent grantees setting aside their deeds and directing a conveyance to the purchaser of their apparent title to the land, *held*, that one who was a simple contract creditor at the time of the conclusion of these proceedings cannot attack any of them for mere irregularities nor for a defective levy of the attachment, the judgment debtor and the fraudulent grantees having been personally served and appeared and litigated the actions.

4. LIS PENDENS— *Requisites — Creditor's Bill Suggested.* In order to constitute a *lis pendens* so as to affect persons acquiring an adverse interest in specific property, the suit must be prosecuted for the purpose of asserting some right in or relating to the identical property. A suit against the assignee of a debtor for the purpose of obtaining payment out of the assets in his hands as a preferred claim, where it is alleged in the petition that certain lands therein described have been conveyed by the assignor to persons named with the intent to defraud creditors, but where no judgment or order with reference to such lands is asked, does not constitute a *lis pendens* with reference to them, nor will the subsequent bringing in of the fraudulent grantees as parties defendant prior to obtaining any judgment against the debtor constitute a *lis pendens* until the plaintiff is in a position to and does attack the fraudulent transfer by an action in the nature of a creditor's bill.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed January 7, 1899. Affirmed.

STATEMENT.

THIS is a controversy over the title to eighty acres of land and certain city lots in Topeka. Both parties claim to have derived title through judicial proceedings prosecuted by creditors of John D. Knox & Co. The plaintiff in error, T. W. Harrison, who was also plaintiff below, claims title under a judgment and sale in an action prosecuted by Harvey Henderson, as executor of the estate of James L. Reed. The defendant, Margaret A. Shaffer, executrix, claims under judicial proceedings instituted and carried on by her testator and herself. It is conceded that on the 17th of February, 1891, Knox and wife, who composed the firm of John D. Knox & Co., were the owners of the property in controversy, and on that day they conveyed the city lots to John D. Knox, jr., their minor son, and the eighty-acre tract of land to Martha P. Knox, their minor daughter. On the next day they made a general assignment to J. B. McAfee for the benefit of their creditors. John D. Knox also made an individual assignment to the same party. On the 13th of March of the same year, Harvey Henderson, as executor, commenced an action against McAfee, as assignee, to recover the sum of $5616.50 claimed to be due him from John D. Knox & Co. In the prayer of his petition he asked that the amount due him be declared a trust fund, and that the assignee be required to pay it as a preferred claim.

In the body of the petition there were averments of divers fraudulent transfers of property by Knox and wife, and among others those of the tracts of land in controversy to John D. Knox, jr., and Martha P. Knox. On this petition a summons was issued and served on March 14 on McAfee and John D. Knox.

12—60 KAN.

On the 3d of April the plaintiff amended his petition so as to make John D. Knox, jr., and Martha P. Knox and some others parties to the action, and a summons was thereupon issued and served on them. On the 10th of August, 1891, they appeared and filed a demurrer to the petition. On the 7th of March, 1892, a second amendment to the petition was filed making John D. Knox and Mary D. Knox parties defendant, and asking judgment against them for $5516.50, with interest. To the petition, as thus amended, Knox and wife entered their appearance on the 19th of August, 1892. On the 3d of January, 1893, the case was tried, and resulted in a judgment in favor of plaintiff against John D. Knox & Co., John D. Knox, and Mary D. Knox, for $6318.50 and costs. On this judgment execution was issued and returned wholly unsatisfied. On the 21st of January, 1893, a further amendment to plaintiff's petition was filed, alleging the rendition of the judgment against Knox and wife, the issuance and return of the execution unsatisfied, and the insolvency of Knox and wife. On the 8th of October, 1893, a judgment was entered setting aside and canceling the deeds to John D. Knox, jr., and Martha P. Knox and ordering the property to be sold by the sheriff to satisfy the plaintiff's claim. On this judgment an order of sale was issued and the property sold to the plaintiff, Harrison, and after due confirmation of the sale a deed was executed to him by the sheriff. On the 15th of January, 1892, Martha P. Knox executed a deed purporting to convey the eighty-acre tract of land to Harvey Henderson, trustee, for an expressed consideration of $5500, and on the 31st of May, 1895, Henderson executed a deed for the same land to the plaintiff. The plaintiff obtained possession of the land, which he held at the time of the trial of this action.

On the 14th of September, 1891, H. S. Shaffer brought an action in the circuit court of Shawnee county against John D. Knox & Co. to recover the sum of $3334 and interest, and caused an attachment to be issued in the action and a levy thereof, the validity of which is disputed, to be made on the property in controversy.  On the 8th of March, 1892, the case came on for trial, both parties appearing by counsel, and judgment was entered in favor of the plaintiff against the defendants for $3326.42 and costs, and it was ordered that the attached property be sold to satisfy the judgment.  Prior to the rendition of this judgment a motion had been made by Knox and by his wife to set aside the attachment for the reason that the grounds alleged for the attachment were not true, but this motion was overruled.  On the 20th of June the property was sold under an order of sale to the plaintiff, but this sale was irregular because there was no appraisement of the property.  The court, however, confirmed the sale and directed the sheriff to execute a deed for it to Shaffer, which was accordingly done.  On the 23d of July, 1892, Shaffer began an action in the circuit court of Shawnee county against Martha P. Knox and others to remove the apparent title which had been conveyed to her and to have such title transferred and vested in him.  The action was tried and resulted in a judgment in favor of the plaintiff, in pursuance of which a deed was made by the sheriff purporting to convey all the title of M. P. Knox to the land to Shaffer.  A similar action was brought against John D. Knox, jr., which resulted in a like judgment and conveyance of the city lots.  Subsequent proceedings were had which we do not deem it necessary to mention.

The action now before the court for consideration

was brought on the 20th of February, 1895, by T. W. Harrison against Margaret A. Shaffer and D. N. Burdge, sheriff, to enjoin another attempted sale and to quiet plaintiff's title to the property. Special findings of fact and conclusions of law were made by the court, on which judgment was entered in favor of the defendants.

*T. W. Harrison*, for plaintiff in error.

*John V. Abrahams*, and *J. B. Larimer*, for defendant in error Margaret A. Shaffer.

The opinion of the court was delivered by

ALLEN, J. : A very elaborate brief has been filed by the plaintiff in error, and numerous questions are discussed at great length. Such only as seem essential to a determination of the case will be mentioned. The third division of the plaintiff's reply alleges, in substance, that Shaffer presented his claim to McAfee as assignee and obtained its allowance as a claim against the estate in his hands ; that the assignee then had $20,000 of assets, and that Shaffer was estopped and precluded from maintaining another action against the assignor for the recovery of the same debt. A demurrer to this portion of the reply was sustained, and of this complaint is made. The question presented is not an open one in this state. It was held in the case of *Limbocker v. Higinbotham*, 52 Kan. 696, 35 Pac. 783 :

"A creditor may maintain an action upon the original claim against an assignor who has made an assignment for the benefit of creditors which is still open and recover a personal judgment against him for the amount due, notwithstanding such creditor has presented and had allowed in full a claim against the estate upon which no payment has been made."

This decision was followed in *Smith v. Higinbotham*,

53 Kan. 250, 36 Pac. 336.   There is no inconsistency in the remedy pursued in this action and in obtaining an allowance from the assignee whereby the creditor seeks payment from the estate in his hands.   In suing the assignor he still seeks payment, but from other sources, and without denying the validity of the assignment.   The assignee does not appear to have ever asserted any claim to the property in controversy. Whether he might have done so it is not necessary to determine.

The question as to the validity of Shaffer's attachment is discussed at great length.   It is contended that no sufficient levy was made ; that copies of the attachment were not posted in a conspicuous place, and that no copy was served on the occupant of the land.   It is said that this is in the nature of a direct attack on the attachment proceedings, and that the plaintiff may take advantage of any defect in them. It must be borne in mind that Shaffer's action against Knox and wife was prosecuted to final judgment before Henderson obtained any lien on the land.   The judgment in favor of Shaffer was rendered on the 14th of March, 1892, and the attached property was then ordered sold to satisfy the plaintiff's claim.   There can be no question that this judgment bound John D. Knox and wife and was a complete adjudication, so far as they were concerned, not only as to the amount of the claim but as to the validity of the attachment. The sale subsequently made, and the deed based thereon, passed to Shaffer whatever equitable or legal title Knox and wife had in the property.   The subsequent actions brought against John D. Knox, jr., and Martha P. Knox were also prosecuted to final judgment rendered therein on the 21st of December, 1892.   By this judgment it was determined that neither Martha

P. Knox nor John D. Knox, jr., had any real interest in the property, but that Shaffer was entitled to a conveyance from them of the apparent legal title which they held. All this occurred before the judgment in Henderson's favor was rendered against Knox and wife. This judgment did not become a lien on the land for the reason that the judgment debtors then had no title to it, nor had the fraudulent grantees even the apparent title remaining in them. Irregularities in the proceedings in the attachment case are not available to the plaintiff in this action, for the final judgment and confirmation of the sale under it were adjudications by which all the right and title of Knox were divested.

The plaintiff cannot build any rights on the deed made by Martha P. Knox to Henderson, for in his original petition, filed long before the execution of the deed, he had asserted that the conveyance to her was without consideration and made in fraud of the creditors of Knox, and this has been the theory of both of the parties to this action from the inception of the actions under which they sought to subject the property to the payment of their claims. If the land had been taken in satisfaction of Henderson's claim or a part of it equal to the value of the land, and this had been with the consent of the debtors, a different question would be presented; but no credit was given by Henderson on his claim against John D. Knox & Co. He prosecuted his action to the end and took judgment for the full amount of his claim. The deed executed by Martha P. Knox recited a consideration of $5500. This sum, however, was not credited to John D. Knox & Co.

It is urged that the action instituted by Harvey Henderson against McAfee, as assignee, created a *lis*

*pendens* from the time of filing the petition in March, 1891, and that no priority could be gained by their creditors through legal process thereafter issued. The record shows that McAfee, as assignee of John D. Knox & Co. and of John D. Knox, was the only party to that action as originally brought, but a summons was, in fact, served on John D. Knox. Whether this made him a party to the action or not we deem unimportant. It was not instituted for the purpose of subjecting this property to the payment of the plaintiff's claim, but was a suit seeking to have the plaintiff's debt paid as a preferred claim out of the assets in the hands of the assignee. It did not take the form of an action to subject this specific property to the payment of Henderson's claim until after judgment had been rendered against John D. Knox and Mary D. Knox and execution thereon issued and returned unsatisfied. Then for the first time the petition was so amended as to make it in effect a creditor's bill to reach the land which had been fraudulently conveyed. But long before this amendment was made the whole title to the property had passed to Shaffer by virtue of the proceedings before mentioned. The action does not become a *lis pendens* so' as to charge others with notice of the plaintiff's rights to the property in controversy until a pleading is filed asserting his rights and seeking their protection. Henderson never at any time acquired any lien on this property and never had any interest in it which he could protect by a suit. The mere fact that he was seeking to obtain a judgment on his claim gave him no right to withhold any of the debtor's property from other creditors. Whatever the rule may be elsewhere, it is settled in this state that before a creditor can interfere with a transfer of the debtor's property he must

reduce his claim to judgment or at least in some manner obtain a lien on the property. (*Bank v. Chatten*, 59 Kan. 303, 52 Pac. 893; *Tennent v. Battey*, 18 Kan. 324.) In this we but follow the great weight of authority. Finding no error in the record the judgment is affirmed.