GEORGE H. PARMENTER v. COMMODORE P.
LOMAX *et al.*
No. 13,323.  (74 Pac. 634.)

SYLLABUS BY THE COURT.

1. FRAUDULENT CONVEYANCE—*Creditor's Bill—Condition Precedent.*  In an action by a creditor to recover judgment on a money demand, land of the debtor was attached which had theretofore been conveyed by him to third persons.  The action was against the debtor alone, who was a non-resident and absent from the state.  Service was had by publication against the defendant, judgment rendered for the amount of the creditor's demand, and the attached property ordered to be sold.  The creditor then instituted a suit in the nature of a creditor's bill to set aside as fraudulent the conveyances made by his debtor to the other parties, and to subject the land to the payment of the judgment.  *Held,* that the action could be maintained.

2. ———— *Conveyance to Relative Upheld.*  An insolvent debtor who intends to defraud his creditors may convey property to a relative who has knowledge of the grantor's indebtedness, adequate consideration having been paid, and such transfer will be upheld unless it appears that the vendee was a participant in the fraud.

Error from Mitchell district court ; R. M. PICKLER, judge.  Opinion filed December 12, 1903.  Affirmed.

STATEMENT.

GEORGE H. PARMENTER was the owner, by assignment, of two judgments rendered against Commodore P. Lomax and others in the district court of Lan-

caster county, Nebraska. The judgments were rendered on February 28, 1896, and March 16, 1896, respectively. At the time the liability was incurred on which the judgments were rendered, Commodore P. Lomax was the owner of 480 acres of land in Mitchell county, this state, which he transferred by deed dated October 26, 1895, to his father-in-law, John C. Latimer. On the same date Latimer conveyed a part of the land to Sarah E. Lomax, wife of Commodore P. Lomax, a part to John N. Lomax, his grandson, and the remainder to Hugh L. Lomax, another grandson.

On March 14, 1900, the plaintiff in error commenced an action in the district court of Mitchell county against Commodore P. Lomax on the Nebraska judgments, and levied a writ of attachment on that part of the land conveyed by Latimer to John N. and Hugh L. Lomax. Service was obtained by publication and judgment had by Parmenter on October 9, 1900, by default, for the sum of $2956.52 and costs, together with an order for the sale of the attached property.

Thereafter, on October 26, 1900, plaintiff in error, George H. Parmenter, commenced this action in the district court of Mitchell county, in the nature of a creditor's suit, against Commodore P. Lomax, John C. Latimer, John N. and Hugh L. Lomax, to set aside the transfers to the real estate held by the two last-named parties, for the reason that they were without consideration, and void as against the creditors of Commodore P. Lomax. The defendants pleaded the statute of limitations and the good faith of the conveyances. After a trial before the court it was found that at the time of the conveyance by Commodore P. Lomax to Latimer the former was insolvent, and that

when the deeds were made by John C. Latimer to John N. and Hugh L. Lomax neither of them was possessed of any visible property. The deed from Commodore P. Lomax to Latimer expressed a consideration of $8600, and the deed from Latimer to John N. Lomax recited a consideration of $3200, and in the deed to Hugh L. Lomax the consideration was expressed at $3200. The court below entered judgment against Parmenter, the judgment creditor, and he has prosecuted error to this court.

*Wilson & Brown*, and *Clark A. Smith*, for plaintiff in error.

*F. J. Kelley*, and *F. T. Burnham*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: : Defendants below were non-residents, and were never present in this state for a sufficient length of time to avail themselves of the statute of limitations. (*Investment Co. v. Bergthold*, 60 Kan. 813, 58 Pac. 469.)

Counsel for defendants in error contend that a suit in the nature of a creditor's bill will not lie before a judgment has been rendered against the debtor, based on personal service and an execution returned unsatisfied. It is true that a general creditor, before his demand has been reduced to judgment, cannot maintain an equitable suit to set aside a fraudulent conveyance made by his debtor. (*Tennent v. Battey*, 18 Kan. 324.)

In this case the creditor attached land of his debtor which, before the action was begun, had been transferred by such debtor to another. It was attached as the property of the defendant in the action (the grantor), who was a non-resident and absent from

the state. Service was had by publication, judgment rendered for the amount of the plaintiff's demand, and the land ordered sold. The plaintiff in the attachment action went no further in that proceeding, but immediately brought this suit in equity to subject the attached land to the payment of his judgment. He might have sold the attached property under the order of the court after judgment, but in such case, the legal title being in a person other than the defendant, another action of some kind by the purchaser would have been necessary to determine the validity of the conveyance from the judgment debtor to the person claiming to own the land. The judgment obtained on service by publication was valid in all respects so far as the property seized was concerned. It was conclusive on all parties and privies to it, and could not be collaterally attacked. (*National Bank v. Peters*, 51 Kan. 62, 32 Pac. 637 ; *Garrett v. Struble*, 57 id. 508; 46 Pac. 943.)

If the remedy invoked in this case was denied to the plaintiff below, he could get no relief against the alleged fraudulent conveyance made by his debtor so long as the latter and his grantees avoided personal service of process. The suit had for its purpose the removal of obstacles in the way of the collection of the judgment interposed by the judgment debtor. An equitable interest in land is subject to attachment in this state. (*Shanks v. Simon*, 57 Kan. 385, 46 Pac. 774 ; *Travis v. Supply Co.*, 42 id. 625, 22 Pac. 991.) It was to obtain the fruits of the seizure of this equitable interest that the present suit was instituted. We have no doubt of the right of the plaintiff in error to maintain the action. (*Gibbons v. Pemberton*, 101 Mich. 397, 45 Am. St. Rep. 417 ; *M. & T. Bank of Jersey City v. Dakin et al.*, 51 N. Y. 519.)

It was satisfactorily shown, and the court found, that at the time the land was conveyed by Commodore P. Lomax to his father-in-law the former was pressed by his creditors and was insolvent.   The consideration expressed in the deed to Latimer was $8600, and the consideration written in the deeds from Latimer to Sarah E. Lomax, his daughter, and to John N. and Hugh L. Lomax, his grandsons, aggregated $11,000.   There was no proof that Latimer did not pay to his grantor the full value of the property.   Counsel attacking the conveyance confess the fact that the only evidence relative to the consideration paid by any of the parties is found in these deeds.   There was no showing that Latimer was not solvent, or that he had not paid to Lomax the full consideration expressed.   We are asked to presume a failure of consideration and fraudulent purpose on the part of Latimer by reason of his relationship to the other parties, and his transfer of the property to his grandsons, who were insolvent.   This we cannot do.   Fraud is not presumed.   (*Baughman, Sheriff, v. Penn*, 33 Kan. 504, 6 Pac. 890.)

There was one link in the chain of conveyances which was not shown to be unsound.   There was no proof that Latimer was not a *bona fide* purchaser for value.   If Latimer was an innocent purchaser the fact that his grantees were insolvent, and were relatives of his and of Lomax, would not subject the land to the payment of the latter's debts.   (Bump, Fr. Conv. § 499 ; *Evans et ux. v. Nealis, Adm'r,* 69 Ind. 148 ; *Stewart v. Reed*, 91 Pa. St. 287.)   It is the law of this state that mere knowledge on the part of a vendee that the vendor is largely in debt will not render the sale fraudulent, although the purpose of the vendor was to defraud his creditors, unless the

5—68 KAN.

vendee was a participant in the fraud. (*Baughman, Sheriff, v. Penn,* supra; *National Bank v. Jaffray,* 41 Kan. 691, 21 Pac. 242; *Bliss v. Couch,* 46 id. 400, 26 Pac. 706.)

Certain badges or *indicia* of fraud are pointed out by the counsel for plaintiff in error, and this court is asked to hold that they raise a presumption of bad faith on the part of Latimer, which his grantees were required to rebut. It cannot be said that such *indicia* or suspicious circumstances create a presumption against the grantee of Lomax which, in themselves, are sufficient to overcome the presumption of good faith. The facts of relationship, hurried transfer of the property, insolvency of the vendor, and increased consideration stated in the deeds made by Latimer, required that the transactions should have been scrutinized closely by the court, but it cannot be held that such earmarks of bad faith alone are sufficient to break down the presumption of good faith and honest dealing which accompanies every such transaction. In this case the presumption of the innocence of the transaction is fortified by the judgment of the court. The question of fraud arising from circumstances like those developed on the trial is one of fact.

The judgment of the court below will be affirmed.

All the Justices concurring.