HENRY BREITKREUTZ, SR., *et al.* v. THE NATIONAL
BANK OF HOLTON *et al.*

No. 13,569. (79 Pac. 686.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Ruling of Referee Assigned as Error.* Where, in a trial before a referee, papers in another action were received in evidence, and the question of their competency expressly reserved by the referee for further consideration, his ruling cannot be made the basis for an assignment of error unless his attention was thereafter called to the evidence admitted, and a ruling made by him thereon at a later stage of the case.

2. ———— *Reference in Brief Held Insufficient.* Rule No. 10 of this court requires that, "when the error alleged relates to the admission or rejection of evidence, the brief shall quote the full substance of the evidence admitted or rejected." A mere reference in a brief to the pages of the record where the evidence may be found respecting which error is assigned is a violation of this rule.

3. PRACTICE, DISTRICT COURT—*Request for Findings Properly Denied.* In a trial court before a referee one of the parties submitted a list of interrogatories to be answered "yes" or "no" by the referee. *Held,* that the request was properly denied.

4. PRACTICE, SUPREME COURT—*Unavailing Ground of Error.* A general objection to the refusal of a referee to adopt a set of conclusions of fact will not avail the party offering them as a ground of error if any of the conclusions were rightfully rejected.

5. PRACTICE, DISTRICT COURT—*Fraudulent Conveyance.* A creditor having judgment may maintain a suit to set aside a fraudulent conveyance after the return of an execution unsatisfied. It is unnecessary to allege the insolvency of the debtor.

6. ———— *Case Distinguished.* The case of *Taylor v. Lander,* 61 Kan. 588, 60 Pac. 320, distinguished.

Error from Jackson district court; MARSHALL GEPHART, judge. Opinion filed February 11, 1905. Affirmed.

STATEMENT.

THIS was a suit by the National Bank of Holton, a creditor of Henry Breitkreutz, sr., to set aside a mortgage for $2600 executed by the latter to his son,

Herman Breitkreutz, and also a deed to his daughter-in-law, Rachel N. Breitkreutz. The bank held a note of Henry Breitkreutz, sr., and Fred Breitkreutz for $2840.52, which became due on February 17, 1899. On January 26, 1899, the mortgage above mentioned was executed. On February 20, 1899, the bank commenced an action against the makers of the note to recover $2173.05, the balance due it, with interest, and caused the land in controversy, consisting of 160 acres, and some personal property to be attached. On May 31 following it recovered a judgment on its note. The motion filed by defendants to discharge the attachment was, by order of the court, continued, without prejudice, to the next term. In February, 1900, the motion was denied and the land ordered sold on special execution to satisfy the judgment. In July, 1899, after judgment, Henry Breitkreutz, sr., deeded his interest in the land to Rachel N. Breitkreutz, subject to a life-tenancy reserved to himself. On October 23, 1899, a general execution was issued on the bank's judgment which was returned unsatisfied on the day following. This action was begun by the National Bank of Holton on January 29, 1900. Other lien-holders and mortgagees having claims prior in time and right to the judgment of plaintiff below were made parties defendant.

Rachel N. Breitkreutz, in her answer, denied generally the allegations of the petition and those contained in the cross-petition of her codefendants who asserted liens on the land. She also alleged that at the time she took title the land was the homestead of Henry Breitkreutz, sr., and not subject to levy and sale for the payment of his debts.

After the issues were joined the case was referred, with directions to the referee to hear the testimony, try the issues of law and fact arising in the cause, and

report his findings to the court. This was done. In the conclusions of fact it was found that the mortgage of $2600 executed by Henry Breitkreutz, sr., was without sufficient consideration and made with intent to hinder, delay and defraud the creditors of the mortgagee, including the plaintiff below; that the deed executed by Henry Breitkreutz, sr., to Rachel N. Breitkreutz was a voluntary conveyance, without consideration, and made with intent to defraud, hinder and delay the creditors of the grantor. The referee found that valid liens existed on the land in controversy prior to the judgment of the National Bank of Holton, in favor of John Q. Myers, administrator, etc., in the sum of $2392.80; Holton Lumber Company for $642.20; State Bank of Holton, one mortgage for $1811.70 and another for $569.60.

Plaintiff below was found to have a valid judgment against Henry Breitkreutz, sr., and Fred Breitkreutz for the amount of $2937.15, subject to the prior liens above mentioned, and ordering that the land be sold, and, after payment of taxes and costs, the liens be paid in the order of their priority. Henry Breitkreutz, sr., and Rachel N. Breitkreutz have come here by proceedings in error, asking that the decree against them in favor of the National Bank of Holton be reversed.

*Keeler & Hite, J. A. Rokes,* and *Crane & Woodburn Bros.,* for plaintiffs in error.

*Hayden & Hayden,* for defendants in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.: (1) The testimony respecting the consideration for the $2600 mortgage executed by Henry Breitkreutz, sr., to his son satisfies us that the referee was justified in finding it to be fraudulent

as against the creditors of the mortgagor. While the testimony might have supported a conclusion that part of the consideration passed from the mortgagee to the mortgagor, yet beyond this the showing made by the parties to the instrument was far from satisfactory. If the mortgage was fraudulent in part it was void *in toto*. ( *Wallach v. Wylie, as Sheriff*, 28 Kan. 138.)

(2) The admission in evidence of the note held by the plaintiff below did not affect the substantial rights of defendants, although it was merged in the judgment. A copy of the note was attached to the petition as an exhibit. Its execution was admitted by the pleadings.

(3) The judgment against Henry Breitkreutz, sr., was properly received. It was a necessary prerequisite to sustaining the action. ( *Tennent v. Battey*, 18 Kan. 324 ; *Harrison v. Shaffer*, 60 id. 176, 55 Pac. 881.)

Plaintiffs in error are not in position to avail themselves of the alleged error in admitting in evidence the entire record, including the proceedings in attachment in the case of National Bank of Holton against Henry Breitkreutz, sr. The papers in the case were received by the referee subject to objection. The question of their competency was expressly reserved for further consideration, but the attention of the referee was not thereafter called to the matter. The practice of receiving evidence conditionally is not uncommon in trials before the court or a referee and, when so admitted, the question of its competency must be raised at some later stage of the case, and passed on, before its reception will be held to be erroneous.

(4) Four of the specifications of error relate either to the admission or rejection of evidence. Reference is made in the brief to pages of the record on which

the evidence may be found. This does not comply with rule 10 of this court, which provides that, "when the error alleged relates to the admission or rejection of evidence, the brief shall quote the full substance of the evidence admitted or rejected."

(5) Counsel for plaintiffs in error submitted to the referee eighteen questions to be answered by him. All but three called for an affirmative or negative response to be answered "yes" or "no." The interrogatories were in effect a cross-examination of the referee. Referees are required to state the facts found and the conclusions of law separately. A trial before a referee is conducted in the same manner as a trial by the court. (Gen. Stat. 1901, § 4740.) In trials by the court conclusions of fact must be stated in writing separately from conclusions of law, when findings are requested. (Gen. Stat. 1901, § 4737.) There was no error committed by the referee in refusing to answer the questions

There was also a request from counsel for plaintiffs in error for the referee to make twelve conclusions of fact conforming to their views of the facts established by the evidence. In two of these proposed findings blanks were left to be filled, and several of them were in contradiction of the facts found by the referee. When rejected the exception was general to the motion denying the request. Even if some of the findings should have been made, no question was thus saved for review. The same rule is applicable to a set of additional findings thereafter requested to be made by the referee on behalf of the complaining defendants. The exception to their refusal was general. It is sufficient to refer to the language of two or three of them as follows :

"Henry Breitkreutz testified that he was seventy-three years old, etc. . . . That he owed no debts.

of his own only that which he was surety for." "Herman Breitkreutz testified that all the money turned over to John Q. Myers was used in paying notes upon which his father, Henry Breitkreutz, was surety," etc.

It is obvious that such findings were properly rejected.

(6) There was no allegation in the petition that defendants Henry Breitkreutz, sr., and Fred Breitkreutz, the judgment debtors, were insolvent at the time the alleged fraudulent mortgage was executed. The charge of insolvency related to the time the petition was filed. Before the suit was begun a general execution was issued on the judgment against the property of the debtor and returned unsatisfied. This fact was alleged in the petition. In jurisdictions where creditors' suits of this nature may be maintained without the issuance of an execution, it is necessary to allege insolvency. The return of an execution *nulla bona* under our practice gives the judgment creditor a standing in the courts to set aside conveyances which tend to defeat the collection of his judgment. (5 Encyc. of Pl. & Pr. 565, 566; *Daskam v. Neff and others,* 79 Wis. 161, 47 N. W. 1132; *P·ge & Co. v. Peter Grant et al.,* 9 Ore. 116; 12 Cyc. 24, and cases cited.)

It is objected that plaintiff below had an adequate remedy at law against Rachel N. Breitkreutz, the holder of the legal title, for that the land in controversy might have been sold under a special execution, free from any claim of hers. The case of *Taylor v. Lander,* 61 Kan. 588, 60 Pac. 320, is relied on. In that case it was sought by a creditor's suit to set aside a deed executed by the judgment debtor after the land had been attached, the attachment sustained, and judgment rendered. It was held that a creditor's

suit would not lie to set aside a deed to land which the judgment debtor conveyed after the land had been attached ; that there was an adequate remedy by special execution to sell the property standing in the name of the grantee who took title subject to the attachment lien.    That case was not complicated by encumbrances on the land prior to the judgment sought to be enforced.    Here the right of plaintiff below to maintain the action was not challenged by demurrer or objection to the introduction of evidence.    The point now made was not raised until after Rachel N. Breitkreutz had answered, claiming affirmative relief as against plaintiffs, asserting that the land when conveyed was the homestead of her grantor.    We are not disposed to extend the doctrine of *Taylor v. Lander* to cases not clearly within the facts on which the decision was based.

We have given consideration to other errors assigned but find nothing to justify a reversal of the judgment.    We think the referee and the court below arrived at a just result.

The judgment is affirmed.

All the Justices concurring.