Benson v. Altenburg.

No. 27,564.

F. O. BENSON, *Appellee,* v. MARGARET ALTENBURG, as an Individual, and as Administratrix, etc., *Appellant.*

(259 Pac. 791.)

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Assignment—Operation and Effect.* In an action in the nature of a creditor's bill to subject the proceeds of the sale of certain real property to payment of a judgment, the proceedings considered and held that the facts and circumstances attending an assignment of the judgment did not operate to satisfy it.

2. SAME—*Enforcement of Judgment—Creditor's Bill.* A judgment of the United States district court for the district of Kansas occupies the same footing as a judgment of the state court and may be made the basis of a creditor's bill or other like equitable action in a state court.

3. CREDITORS' SUIT—*Conditions Precedent—Exhausting Legal Remedies.* While the ordinary rule is that a creditor must exhaust all process to secure a lien upon the debtor's property before filing an action in the nature of a creditor's bill to set aside a fraudulent conveyance, a judgment will not be reversed for failure to cause issue and return of execution where it was shown that the debtor had no property upon which the execution could be levied and that issuance of an execution would have served no useful purpose.

4. SAME—*Generally.* Various alleged errors considered and held not to require a reversal.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed October 8, 1927. Affirmed.

*T. R. Evans,* of Chanute, for the appellant.
*G. R. Gard* and *F. J. Oyler,* both of Iola, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to subject the proceeds of the sale of certain real property to payment of a judgment in federal court. The controversy involves validity of an assignment of such judgment to plaintiff. The plaintiff prevailed and defendants appeal.

The facts are substantially these: M. B. Altenburg and F. J. Oyler were sued jointly in federal district court at Fort Scott by Elliott Blackwelder and others, in July, 1923. In May, 1924, Alten-

Creditors' Suits, 15 C. J. pp. 1381 n. 5, 1387 n. 47, 1394 n. 37, 1395 n. 41 new; 23 L. R. A. n. s. 84; 8 R. C. L. 27. Judgments, 34 C. J. p. 698 n. 12. Subrogation, 37 Cyc. p. 419 n. 39.

Benson v. Altenburg.

burg purchased certain lots in the city of Iola and caused title thereto to be taken in the name of his wife. In September, 1924, Altenburg died. In November, 1924, the action pending in the federal court was revived against his widow as administratrix. Also, in November, 1924, the widow sold the lots in controversy to R. H. and Josephine L. Coblentz under contract, $250 being paid thereon and under the terms of the contract, the balance to be paid thereafter in monthly installments of $40. Papers pertaining to the sale were deposited in the Peoples Home State Bank of Chanute. Judgment was rendered May 25, 1925, against the Altenburg estate and F. J. Oyler for $7,000. In order to prevent levy of execution Oyler procured a loan of $4,000 from the Allen County State Bank, of Iola, and $3,000 from the Iola State Bank, of Iola, and caused an assignment of the judgment in federal court to be made to the plaintiff, F. O. Benson, cashier of the Iola State Bank as security for the loan. Benson brought the present action against Mrs. Altenburg, individually and as administratrix of the estate of her deceased husband, and against Mr. and Mrs. Coblentz, to subject the moneys due on the real-estate contract to payment of one-half the judgment rendered against Altenburg and Oyler. Trial to the court, with ample pleadings for a basis and ample evidence in support thereof, resulted in judgment for plaintiff. The court found generally for the plaintiff and, among other things, that Altenburg purchased the lots in question and caused title to be conveyed to his wife for the purpose of defrauding his creditors, and more especially for the purpose of defrauding the plaintiffs in the action pending in the federal court; that Altenburg was the actual owner of the lots at the time of his death; that the lots should be held subject to the payment of the plaintiff's claim; that prior to the commencement of the present action, the defendants, Coblentz and his wife, in good faith, entered into the agreement with Mrs. Altenburg by the terms of which they agreed to purchase the property for $3,800; that they took and now hold possession of the property under the contract. The order was that they be required to complete the purchase; that the balance of the purchase price be paid to the clerk of the court to apply on the plaintiff's claim.

The defendants contend that the action by Oyler, one of the joint-defendant debtors in procuring the loan, having the judgment transferred, etc., operated as a satisfaction and extinguishment of the judgment as to both defendants, leaving nothing to assign; also, that

the judgment was not filed in Allen county, became no lien on the Altenburg property, and that until a creditor has an enforceable lien on the debtor's property he cannot attack his debtor's conveyance even though it be in fraud of creditors.

Plaintiff contends that the judgment was assigned for collateral security; that it was not intended to be and was not a satisfaction of the judgment.

The controlling question, in our opinion, is whether it was the intention of the parties at the time of execution of the assignment of the judgment that it should operate only as an assignment or in satisfaction thereof; also, whether it was equitable to subject the proceeds of the land in question to payment of the judgment. The intention of the parties, the result of their action in making the loan, and whether there was an assignment of the judgment or a release thereof, were principally questions of fact. The plaintiff alleged assignment of the judgment for a valuable consideration. Copy of the assignment was attached to his petition and made a part thereof. Defendants denied there was an assignment and alleged satisfaction of the judgment. Plaintiff in a reply denied allegations of defendant's answer. The evidence showed assignment of the judgment and no intention to satisfy. The court found the issue, as all others, in favor of the plaintiff. There appears no good reason to disturb the finding. It may be said that Oyler was only a judgment debtor the same as Altenburg. If Oyler had sufficient property and paid the whole of the judgment, he would be in the same position as if he were a surety and judgment rendered against him as surety. A surety who pays a judgment against his principal is ordinarily entitled to be substituted to the rights of the creditor. In *Crippin v. Chappel*, 35 Kan. 495, 11 Pac. 453, and *Yaple v. Stephens*, 36 Kan. 680, syl. ¶ 1, 14 Pac. 222, the rule was stated that "generally where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor, or in the place of the creditor, such person will be so substituted." (See, also, *Harris v. Frank*, 29 Kan. 144; *Honce v. Schram*, 73 Kan. 368, 85 Pac. 535, 15 R. C. L. 778, 780; *Bank v. Opera House Co.*, 23 Mont. 33, 75 Am. St. Rep. 499.) Nor does there appear any equitable reason why the proceeds of this property fraudulently conveyed by Altenburg should not be applied in satisfaction of his liability. The property in question passed to Coblentz and wife November 1, 1924. Judgment in the federal court was not rendered until May 25, 1925.

The petition in the present action alleged "that the estate of said

M. B. Altenburg is practically insolvent and has no other assets of any consequence other than property hereinabove mentioned, and is not sufficient to pay said judgment, and that plaintiff has no sufficient remedy at law, and that plaintiff will lose his said claim unless the proceeds of the real estate hereinabove mentioned be recovered and paid into court to apply upon plaintiff's said judgment." There was ample evidence to sustain the allegation, and the trial court's general finding was conclusive on the question that there was no other property on which a levy could be made. The filing of a certified copy of the judgment with the clerk of the district court of Allen county would have constituted no lien on the money due from Coblentz and wife to Mrs. Altenburg which was owed on the purchase contract. It would have been useless procedure to have filed it, and the law does not require useless acts. The plaintiff was not seeking a lien on the real estate in question, nor to sell the real estate to satisfy the judgment. He was asking to subject the balance of the money due from Coblentz to Altenburg on the contract of purchase to partial satisfaction of the judgment. The filing of a certified copy of the judgment in another county than the one in which it is rendered is for the purpose of giving notice to all persons who might acquire title to the land in the county other than that in which the court rendered judgment. In the instant case no copy of the judgment could be filed in Allen county until it had been rendered. The evidence disclosed that the transfer of the property in question occurred prior to the rendition of the judgment. A judgment of the United States district court for the district of Kansas occupies the same footing as a judgment of the state court and may be made the basis of a creditor's bill or other like equitable action in a state court. (*Bridge Co. v. Fowler,* 55 Kan. 17, 39 Pac. 727.) There is much diversity of opinion on the question as to whether or not the judgment creditor must exhaust all process to secure a lien upon the debtor's property before filing an action in the nature of a creditor's bill to set aside a fraudulent conveyance. This court has quite uniformly held that he must do so. (See *Moyer v. Riggs,* 8 Kan. App. 234; *National Bank v. Clark,* 55 Kan. 219, 40 Pac. 270; *Bank v. Chatten,* 59 Kan. 303, 52 Pac. 893; *Harrison v. Shaffer,* 60 Kan. 176, 55 Pac. 881; *Breitkreutz v. Bank,* 70 Kan. 698, 79 Pac. 686; *Parmenter v. Lomax,* 68 Kan. 61, 74 Pac. 634; *Bank v. Ternes,* 110 Kan. 475, 204 Pac. 699.) But where, as in this case, the plaintiff shows a valid judgment and it was established that suing out an execution would have been fruitless, the judgment of the district

court will not be reversed. Issuance of an execution would have availed no useful purpose. (See *Taylor v. Stone and Lime Co.*, 38 Kan. 547, 16 Pac. 751; *Smith v. Hensen*, 89 Kan. 792, 132 Pac. 997; *Young v. Buck*, 97 Kan. 195, 154 Pac. 1010; *Bank v. Creek*, 101 Kan. 552, 167 Pac. 1053.)

Various other objections to the judgment have been considered, but we find no error which would warrant a reversal.

The judgment is affirmed.