No. 27,564.

F. O. Benson, *Appellee,* v. Margaret Altenburg, as an Individual, and as Administratrix, etc., *Appellant.*

(261 Pac. 589.)

OPINION ON POST-DECISION MOTION.

Appeal from Allen district court; Robert E. Cullison, judge. Opinion on post-decision motion filed December 10, 1927. Affirmed. (For original opinion see *ante,* p. 296, 259 Pac. 791.)

T. R. Evans, of Chanute, for the appellant.
G. R. Gard and F. J. Oyler, both of Iola, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: In a motion by the defendant, Margaret Altenburg, to modify the judgment heretofore affirmed by this court (see *Benson v. Altenburg,* 124 Kan. 296, 259 Pac. 791), it is contended that no personal judgment was sought against her as an individual other than to enjoin her from a sale of the property in controversy; that no facts were pleaded in the petition which would sustain a personal judgment against her.  The trial court in a memorandum opinion, among other things, stated:

"The court therefore finds the issues in favor of the plaintiff, and it will be

Judgments, 33 C. J. pp. 1139 n. 52, 1155 n. 44, 1163 n. 95, 1169 n. 36, 1176 n. 95.

adjudged and decreed that the prayer of plaintiff's petition be and the same is hereby granted, and that M. B. Altenburg at his death was the owner of the said real property, and that the proceeds of the sale thereof is subject to the payment of one-half of the indebtedness shown by the judgment in the federal court, and that judgment and decrees be entered giving the plaintiff relief to the extent mentioned."

A portion of the purchase price of the property in question was paid by Coblentz and wife to Mrs. Altenburg. A question is raised as to the correct phraseology of the journal entry which was drawn by plaintiff's counsel, the contention being made that it was not in accordance with the judgment of the court.

The journal entry as drawn, after reciting details of the trial, reads:

"It is therefore by the court considered, ordered and adjudged: First, That the plaintiff do have and recover of the defendants, Margaret Altenburg as an individual and as administratrix of the estate of M. B. Altenburg, deceased, the sum of $3,762, the same to bear interest at the rate of 6 per cent per annum from this date, together with the costs of this action, for all of which execution may issue," etc.

Upon further consideration of the question we are of opinion the pleadings were sufficient to authorize a judgment against the defendant, Margaret Altenburg, but that she individually should be required to pay to plaintiff only the amount of money actually received by her for the property in controversy.

As so modified the judgment is affirmed.