ALLEN WHEELER, *as Sheriff, etc., et al.*, v. W. CHENAULT *et al.*

No. 12,416. (66 Pac. 1010.)

SYLLABUS BY THE COURT.

1. CORPORATION — *Liability of Stockholders — Limitation of Action.* Division 3 of section 18 of the code of civil procedure (Gen. Stat. 1901, § 4446), the same being the three-year statute of limitations, does not bar the issuance and enforcement of an execution under an order of court therefor, made in pursuance of the statute relative to the double liability of stockholders in a corporation.

2. ——— *Action and Issuance of Execution Distinguished.* The issuance and enforcement of such an execution is not the bringing of a civil action within the meaning of said section, and such execution is based upon the order awarding it, and not upon the statutory liability of the stockholder.

Error from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed December 7, 1901. Division two. Reversed.

*W. C. Perry*, for plaintiffs in error.

*Keene & Gates*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: On January 28, 1894, C. W. Goodlander, one of the plaintiffs in error, held a judgment against a corporation in which the defendants in error were stockholders, on which judgment there had been an execution returned unsatisfied. On that date, and after due notice, the court ordered an execution to be issued in favor of Goodlander against the defendants in error as stockholders for the amount of the judgment which Goodlander held against the corporation, that amount being less than the amount of stock which defendants in error held. This order was made under the provisions of sections 50 of chapter 66 of the General Statutes of 1897. On October 31, 1898, execution issued to the plaintiff in error Wheeler, as sheriff of Bourbon county, against the defendants in error, based on the order above referred to, and this action was one to enjoin the enforcement of that order on the ground that the statute of limitations had barred the same. The court below held that the statute had run against the enforcement of the order of January 28, 1894, and permanently enjoined the execution of it. Plaintiffs in error are here seeking a reversal of that order.

The defendants in error claim that the order was justified by and under division 3 of section 18 of the code of civil procedure (Gen. Stat. 1901, § 4446), which reads:

"Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action shall have accrued,

and not afterwards :    .   .   .    "Within three years, an action upon a liability created by statute, other than a forfeiture or penalty."

We think the court below erred in holding this statute applicable for two reasons.   First, the sheriff was proceeding to levy his execution upon the property of the defendants in error and this proceeding was not "an action" within the meaning of the language of the statute.   It seems from the first part of the quoted section that the word "action" means what is ordinarily known as a lawsuit, the phrase being that *civil actions* can only be brought, etc., clearly indicating to our minds that the limitation imposed is one upon the bringing of a suit in the court, while the proceeding in the case at bar was not the bringing of an action, but the enforcement of an order which had been properly made in an action already brought. Second, the execution was not based upon any liability created by statute but upon an order of the court awarding it.   While the liability, to enforce which the order was made, was a liability created by statute, that liability had become fixed in the order for execution which had been made, and the execution issued not upon the stockholder's statutory liability, but upon the order for execution, so that Goodlander was not by the execution seeking to commence proceedings, or to bring an action, but to enforce a remedy he had already obtained, which was a right to the execution in question.

It is suggested by the defendants in error that at the time of the commencement of these injunction proceedings the original judgment against the corporation had become dormant, and that because thereof the order awarding the execution had also ceased to have vitality or force.   There is no showing in the

record that the judgment had become dormant; therefore we are not called upon to discuss what effect the dormancy or extinguishment of the judgment against the corporation would have had upon the ancillary order for execution.

We think that the court erred in holding that the three-year statute of limitations quoted barred the enforcement of the order awarding execution against the defendants in error, and therefore direct that this judgment be reversed and the case remanded for further proceedings.

GREENE, POLLOCK, JJ., concurring.