No. 28,482.

The Bank of Palmer, *Appellee*, v. Edith Haley, *Appellant* (Ben F. Albright and W. V. Griffitts, *Appellees* and *Cross Appellants*).

(274 Pac. 265.)

Opinion filed February 9, 1929.

*M. V. B. Van De Mark*, of Concordia, and *D. M. McCarthy*, of Mankato, for the appellant.

*Park B. Pulsifer* and *Clyde L. Short*, both of Concordia, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This suit involves features of the bulk-sales law.   On November 12, 1924, Ben F. Albright executed a note to the Palmer Bank for $2,800.   Several payments had been made upon it which reduced it considerably.   Albright owned a stock of goods at Palmer and also one at Clyde.   He sold the Clyde stock in bulk to W. V. Griffitts April 1, 1925, for $2,645 without compliance with the bulk-sales law.   Within two weeks the bank notified Griffitts that Albright owed the bank and that it was looking to the stock for payment of the debt.   About four weeks later an officer of the bank went to the store and personally called the attention of Griffitts to the indebtedness.   On June 19, 1925, Griffitts sold the stock to Edith Haley in bulk, in which there was no compliance with the bulk-sales law.   The bank on June 27, 1925, sent a letter to Mrs. Haley stating that the bank had a debt owing to it by Albright and was looking to the stock for payment of it.   Afterwards the bank tried to obtain payment of the debt from Albright, who had moved to another section of the state, and not being successful in collecting it from him the bank on June 30, 1927, brought this action against Albright for the balance due, $1,175.51 with interest thereon, made Albright, Griffitts and Haley parties, and it asked that the stock of goods in the possession of Haley be sold to satisfy the claim of the bank.   A judgment was rendered against Albright for $1,267.61 on April 12, 1928, and it was further adjudged that if the obligation was not paid within ten days that an order of sale issue and sufficient of the stock and fixtures be sold to satisfy the judgment, and that if the sale was made or the judgment satisfied by Haley, that she might recover judgment against Griffitts and Albright, and further that Griffitts might have judgment against Albright for any sum paid by him.   Albright made no defense, but the defendants, Griffitts and Haley, appeal from the judgment as against them.

It is contended that the action was barred by statutes of limitation as against Griffitts and Haley, since it was not brought within two years after the illegal sale was made of which plaintiff had actual knowledge.   The action was brought more than two years and less than three years after the sale was made.   It is argued that it was barred first, in that it was in its nature the recovery of a forfeiture or penalty, which must be brought within one year under

the fourth subdivision of the statute limiting the time of bringing action (R. S. 60-306) ; second, that if not within that provision it was one for relief on the ground of fraud or for taking and detaining personal property which must be brought within two years after the action accrues within the third subdivision of the statute. The action cannot be regarded as one for a forfeiture or penalty or for the taking and detention of personal property, nor do we think it to be one for relief on the ground of fraud.

A bulk sale is not necessarily fraudulent or even necessarily void. If there are no creditors of the seller he may transfer the property freely without regard to the act. A bulk sale is not invalid if a duly verified list of creditors is furnished the purchaser and notice is given to creditors within seven days before taking possession of the property or paying for same. Besides, the giving of notices even may be dispensed with by the execution of a specified bond. (R. S. 58-102.) As between the seller and the purchaser the transfer was valid without compliance with the bulk-sales act, which was enacted for the protection of creditors. (*Harpham Brothers Co. v. Perry*, 118 Kan. 457, 235 Pac. 1039.) Even as to creditors a bulk sale is not absolutely fraudulent and void. It is only void where the statutory requirements are not observed. (27 C. J. 884.) A bulk transfer of property which is exempt is not a fraud as against creditors because they have no right to look to exempt property for the payment of debts and are not concerned with the disposition which the owner may make of it. (*Saunders v. Graff*, 103 Kan. 261, 173 Pac. 413.) A sale in bulk is at most only voidable and is only void as to creditors where there is noncompliance with the requirements of the act. Where the purchaser conforms to these requirements he is not accountable to creditors. We think the remedy provided cannot properly be regarded as one for relief on the ground of fraud, but does fall logically within the limitation applicable to an action upon a liability created by statute, which may be brought within three years after the cause of action accrues. It is a distinct and new kind of liability which did not exist until it was created by the act. The means of escaping the liability are prescribed by the statute. As the right given to creditors rests alone upon the statute and is to be measured by its terms, the three-year statute of limitation applies. In *Harpham Brothers Co. v. Perry*, supra, it was said that the right was based on the statute.

The contention that the plaintiff is estopped to maintain the action by reason of the delay in instituting the action, is without merit. (*Coleman, Trustee, v. Costello,* 115 Kan. 463, 223 Pac. 289; 27 C. J. 891.)

An objection to a ruling excluding offered testimony is not available since it was not produced on a motion for a new trial, and no error is seen in rulings admitting testimony.

We find no error in the record and hence the judgment will be affirmed. It is so ordered.