No. 30,328.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellant,* v. O. M. EDMONSTON and EDNA EDMONSTON, *Appellees.*

(8 P. 2d 410.)

Opinion filed March 5, 1932.

*O. G. Underwood,* of Greensburg, *George W. Cox* and *Lawrence Weigand,* both of Wichita, for the appellant.

*Jay T. Botts,* of Coldwater, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one in the nature of a creditor's suit to set aside a fraudulent conveyance of real estate by a judgment debtor to his wife. A demurrer was sustained to the petition, and plaintiff appeals.

Plaintiff sued Edmonston in Comanche county. The case was

transferred to Ford county for trial (R. S. 60-512), and on November 30, 1928, a money judgment was rendered for plaintiff. The fraudulent transfer was of land in Comanche county, and was made the day after the judgment was rendered. In November, 1930, the action to set aside the fraudulent transfer was commenced in Comanche county. The petition did not allege that the judgment was a lien on the land.

There is no decision by this court in a case involving the specific question, holding that a judgment creditor must have a judgment lien on land fraudulently conveyed by the judgment debtor before the judgment creditor can set aside the conveyance and appropriate the land to payment of the judgment.

Generally a creditor has no concern with a debtor's transfer of land until the creditor establishes his claim against the debtor by judgment. Having liquidated the claim by judgment, the creditor is in a position to look to the debtor's property for satisfaction. This is what is meant by the expression "certain claim upon the defendant's property," appearing in opinions of this court. (*Tennent v. Battey,* 18 Kan. 324, 329.) A creditor may obtain a lien, as by attachment, before judgment, and then after obtaining judgment may proceed to enforce the lien. So, it was said in the opinion in *Harrison v. Shaffer,* 60 Kan. 176, 55 Pac. 881, that the creditor must reduce his claim to judgment, "or at least in some manner obtain a lien." But the court has not said, and so far as the court knows no court has said, that the creditor must obtain a judgment, which is itself a lien. Such a requirement would be contrary to the theory of the creditor's suit, one purpose of which may be to reach property on which no lien could be acquired. (See article, "Creditor's Suit," 15 C. J. 1376.)

The petition did not allege that Edmonston did not have sufficient property to satisfy the judgment after he made the conveyance. The petition alleged issuance of execution which was returned unsatisfied. That was sufficient to show legal remedy was exhausted.

The original petition was filed in time. The court held the allegations of fraud were too general, and leave was given to amend. The amendment was made after the statute of limitations had run. Making general allegations more specific does not change the cause of action or add a new cause of action.

The judgment of the district court is reversed, and the cause is remanded with direction to overrule the demurrer.