No. 33,133

The Citizens State Bank of Pratt, and Charles W. Johnson, as Receiver, etc., *Appellees*, v. A. S. Farmer and The W. E. Jett Mercantile Company, of Pratt, *Appellants*.

(64 P. 2d 561)

Opinion filed January 23, 1937.

*William B. Hess,* of Pratt, for the appellants.

*R. F. Crick, M. C. Bucklin,* both of Pratt, and *G. W. Sawyer,* of Liberal, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action in the nature of a creditor's bill brought in another county than that in which the judgment had been procured by the receiver of a failed bank against a stockholder under the double liability provision, and after procuring judgment and the third execution issued on the balance of the judgment had been returned no goods found. The second action so brought in a different county was against the debtor stockholder, who owned land in that county, and also against a corporation of which the debtor was president, and to which company the debtor had given a mortgage on such land shortly after the bank had failed and before the judgment against him had been obtained.

The receiver alleged all these matters in detail in his petition, and also that he had no adequate remedy at law, and prayed that the lien of the balance of the judgment theretofore rendered against the debtor stockholder be adjudged a first and prior lien on the land of the debtor in that county, and that the mortgage given by the debtor to the company, of which he was president, be adjudged and decreed to be subsequent, junior and inferior to the lien of the plaintiff.

The debtor stockholder and the mortgagee filed a demurrer to the petition for the reason that it did not state facts sufficient to constitute a cause of action against them. The trial court overruled the demurrer, from which ruling the defendants have appealed, and urge two matters in particular: (1) that the plaintiff was not without an adequate remedy at law; and (2) that this action was barred by the statute of limitations.

The following portion of R. S. 1933 Supp. 9-156 is particularly pertinent to the contention herein raised by the appellants as to the plaintiff having an adequate remedy at law:

"At any time after the closing of any incorporated bank if it shall appear to the receiver thereof that the assets of such bank are insufficient to pay its liabilities, it shall be the duty of such receiver to immediately institute proper proceedings, in the name of the bank, for the collection of the liability of the stockholders of such bank; all sums so collected to become a part of the assets of such bank and to be distributed *pro rata* to the creditors thereof in the same manner as other funds: *Provided,* That all transfers of property by a stockholder after the closing of any such bank and before the payment of the

double liability as provided by this act, shall be absolutely void as against said double liability. Said double liability shall be a lien on the property of the stockholders superior and prior, and which shall be preferred, to all liens or encumbrances which may attach to or upon the stockholders' property subsequent to the closing of the bank. . . ."

Appellants cite the following cases on that proposition: *Howe Machine Co. v. Miner*, 28 Kan. 441; *Glenn v. Callahan*, 125 Kan. 44, 262 Pac. 583; and *Masheter v. Carman*, 130 Kan. 856, 288 Pac. 543. The first case is where a party undertook to foreclose a judgment lien and it was there held to be the well-settled rule that equity does not interfere when there is a complete remedy at law, yet following the statement of that well-settled rule the court further said that after a judgment at law equity will interfere to remove an obstruction to the sale of the real estate of the judgment debtor whether caused by a fraudulent conveyance by such debtor or otherwise. In the second case above cited the holder of a mortgage given on the land of the stockholder commenced foreclosure proceedings after judgment had been obtained by the receiver of the bank on the double liability of the stockholder, making the receiver a party defendant, and it was held that the double liability statute applied and that the receiver was not barred from attempting to enforce payment out of the mortgaged property. In the last case above cited the stockholder, after the bank had been closed, attempted to transfer loan and investment shares, and after judgment was rendered on the double liability the purchaser sued to enjoin the sheriff from levying execution, and it was held that the transfer was void and the execution proper. All three of these cases were brought in the county where the judgment had been rendered, and the last two of them were brought by the grantees interested in the transfer of the property, which is very different from the creditor pursuing its remedy.

The case of *Taylor v. Lander*, 61 Kan. 588, 60 Pac. 320, is cited and although it did not involve the stockholders' liability as does the case at bar, it was described as an action in the nature of a creditor's bill to set aside a fraudulent conveyance of land and to subject the same to the payment of a judgment, and it was there held:

"An equitable suit to set aside a conveyance of land transferred after it had been attached cannot be maintained where the creditor obtained judgment in the attachment action and an order for the sale of the real estate so seized. In such case the judgment creditor has an adequate remedy at law by a sale of the property upon execution." (Syl. ¶ 2.)

It was said in the opinion that—

"The land was ordered sold to satisfy the lien of the attachment, and the plaintiff below might have issued an execution, sold the property, and applied the proceeds to the payment of his judgment." (p. 592.)

This was all in the same county and the order of attachment and the judgment were a lien on the land.

No allegation of fraud was made in the action at bar, but the positive terms of the statute making the transfer void after the closing of the bank places an action of this kind in very much the same situation as pursued where transfers are fraudulently made. The ruling in the case of *Kansas Wheat Growers Ass'n v. Edmonston*, 134 Kan. 786, 8 P. 2d 410, is pertinent although that was a case involving fraudulent transfer of real estate, and in the opinion in that case it was held:

"The petition alleged issuance of execution which was returned unsatisfied. That was sufficient to show legal remedy was exhausted." (p. 787.)

It is suggested that in the case at bar the plaintiff might have filed in Seward county an attested copy of the judgment obtained in Pratt county under R. S. 60-3126, and thus have obtained a lien upon the Seward county land and sold it under execution issued thereon, but the mortgage was placed on the Seward county land before the double liability judgment was rendered in Pratt county, and this would make the title of a purchaser at execution sale uncertain where no record existed as to the bank failure or the judgment for double liability of a stockholder.

The case of *Federal Land Bank v. Tawzer*, 129 Kan. 93, 281 Pac. 904, was where there was an alleged fraudulent conveyance instead of one made void by statute, as in the case at bar, and it was there said on the subject of other adequate remedies at law that—

"Perhaps the receiver of the bank could have sold this property under execution, as was done in *Peters v. Bank*, 106 Kan. 1, 185 Pac. 892, and other cases. But such a remedy has frequently been regarded as inadequate (*Schofield v. Ute Coal & Coke Co.*, 92 Fed. 269), for the reasons that the grantee in the deed was not a party to the action in which the judgment was rendered; at some time it would be necessary for his interest in the matter to be determined. The uncertainty of establishing whether it was a *bona fide* sale or a fraudulent one would perhaps affect the price which the property would bring at a sale. In this situation it was appropriate to bring the action in the nature of a creditor's suit to remove or set aside the conveyance alleged to have been fraudulent as constituting an impediment to the enforcement of the lien before a sale of the property under the judgment." (p. 96.)

In *Smith v. Hensen*, 89 Kan. 792, 132 Pac. 997, it was held:

"Although a judgment creditor may have a right to sell upon execution the real estate belonging to his debtor, yet where the record title is in some one else a proceeding in equity may be maintained in advance to determine the true ownership." (Syl. ¶ 2.)

See, also, along the same line: *Benson v. Altenburg*, 124 Kan. 296, 259 Pac. 791; *Taylor v. Stone & Lime Co.*, 38 Kan. 547, 16 Pac. 751; *Parmenter v. Lomax*, 68 Kan. 61, 74 Pac. 634; and 15 C. J. 1388.

We think these authorities justify the conclusion that plaintiff did not have an adequate remedy at law when the second action was commenced and the demurrer on that account was properly overruled.

Appellants' second ground for sustaining their demurrer to plaintiff's petition is the bar of the statute of limitations. This double liability of a bank stockholder is a liability created by statute, and R. S. 60-306 (2) limits actions upon liabilities created by statute to three years. The petition shows that the first action, which was based upon the double liability of a bank stockholder, was commenced in Pratt county within three years from the closing of the bank, and shows this action in the nature of a creditor's bill brought in Seward county, based upon the judgment obtained in Pratt county, was not brought within three years from the time the bank closed but within two years from the rendition of the judgment in Pratt county. The appellants claim any such action is upon a liability created by statute and therefore barred by the three-year statute of limitations, or if based upon fraudulent conveyance it would be barred in two years.

The plaintiff does not rely upon fraud but alleges the mortgage given by the stockholder after the bank closed was void. Plaintiff, however, contends that this action is not upon a liability created by statute but one in the nature of a creditor's bill to enforce an ordinary judgment and make it a prior lien on land in another county owned by the debtor but mortgaged by him after the closing of the bank and before the rendition of the judgment, and that subdivision (6) of R. S. 60-306 applies, giving five years as a limitation. Appellants claim that this second action is still based upon a liability created by statute and cite *Bank Commissioner v. Drury*, 105 Kan. 69, 181 Pac. 559. This does not seem to have been an action based upon a judgment but an original action based upon the

liability created by statute. Appellants also cite cases arising under the bulk-sales act and the lien for fine and costs on real estate used unlawfully under the liquor act. (*Bank of Palmer v. Haley*, 127 Kan. 544, 274 Pac. 265; and *Snyder v. State*, 40 Kan. 543, 20 Pac. 122.) The enforcement of the judgment in the case at bar is certainly not a liability created by statute. That was effected when the judgment was procured and the further provisions of the statute are simply means of enforcing the lien. It is different from the bulk-sales law, where there is no liability whatever on anyone, but a right to follow the goods found in the hands of anyone. Under the liquor law the liability created by statute is against the owner of the property leased to the one convicted and fined for violating that law. The original liability created by statute is against the owner of the property leased.

In the case of *Alter v. Johnson*, 127 Kan. 443, 273 Pac. 474, it was held that—

"The statute (R. S. 9-156) providing for the enforcement of the double liability of stockholders, in an insolvent bank, and that all transfers of property by a stockholder after the closing of the bank and before the payment of the double liability, shall be void, does not create a lien on the property of the stockholder nor give the receiver of the bank preference or priority of right of payment of the double liability out of the stockholder's property." (Syl. ¶ 2.)

In the body of the opinion it is said of the statute:

"Instead of creating a lien or declaring a preference, which could have been done in a few words if that had been the purpose of the legislature, it stopped with the prohibition of the transfer of property after a bank becomes insolvent." (p. 446.)

In order to establish a lien an action may be necessary where others are interested in the property. (See, also, in this connection *Wheeler v. Chenault*, 63 Kan. 730, 66 Pac. 1010.)

The action at bar was on a judgment regularly obtained and not under the statute creating a liability and therefore was not barred by the three-year statute of limitations.

The order overruling the demurrer to the petition is affirmed.