No. 41,196

Lewis F. Gurley and La Veda C. Gurley, Husband and Wife, *Appellees*, v. Broadway Sales Company, Inc., *Appellant*.

(334 P. 2d 312)

Opinion filed January 24, 1959.

*A. D. Weiskirch,* of Wichita, argued the cause, and *Manford Holly,* of Wichita, was with him on the briefs for the appellant.

*Thad Hanna,* of Wichita, argued the cause, and *Harry Gillig,* of Wichita, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Robb, J.: This is an appeal from the order of the trial court overruling a demurrer to plaintiffs' petition.

The petition in essential parts reads as follows:

"3. That on or about April 14, 1955, the Plaintiffs purchased from the Defendant one 1955 Southwestern Trailer Home, double decker, Serial Number

3555040668, at a cash price of $6,250.00, less down payment paid in the amount of $1,616.00; that the Plaintiffs thereafter made payments on said Trailer Home in the amount of $1,330.90, until on or about August 13, 1955, when the Plaintiffs traded their Trailer Home to the Defendant for one 1955 Southwestern Trailer Home, double-decker, three bed rooms. Serial Number 355504067; that the Plaintiffs executed a Certificate of Title to the first trailer home, Serial Number 3555040668, to the Defendant, but said Defendant did not execute or cause to be delivered to the Plaintiffs a Certificate of Title to the second Trailer, Serial Number 3555040667.

"4. The above stated sales took place and were consummated at the Defendant's place of business at 4200 South Broadway, Wichita, Kansas, and, at the time of said sales, it was understood and agreed that the said trailer houses were to be kept at Tonkawa, Oklahoma.

"5. *That the time* of said trade, on or about August 13, 1955, the Plaintiffs requested that the Defendant execute, or cause to be executed, a Certificate of Title to said Trailer Home, Serial Number 3555040667, but the Defendant did not deliver, or cause to be delivered a Certificate of Title, and refused, and still refuses, to deliver to the Plaintiffs a Certificate of Title to said Trailer Home, as provided under the statutes and laws of the State of Kansas, and more particularly, Statute 8-135 (*c*) (6), of the *1955* Supplement to the *1955* General Statutes of Kansas [G. S. 1957 Supp., 8-135 (*c*) (6)], which provides as follows:

" '. . . (6) It shall be unlawful for any person to buy or sell in this state any vehicle required to be registered hereunder, unless, at the time of delivery thereof there shall pass between the parties such certificate of title with an assignment thereof, as herein provided, and the sale of any vehicle registered under the laws of this state, without the assignment of such certificate of title, shall be fraudulent and void.'

"6. That the Defendant has not complied with the statutes of the State of Kansas governing the transfer and regristration of said trailer house, and that the sale of said trailer house, Serial Number 3555040668, is therefore null and void in all respects.

"7. That, by reason of the above and foregoing, the Plaintiffs are entitled to have and recover judgment from the Defendant in the sum of $2,946.90."

Defendant demurred to the petition because it failed to state a cause of action and it appeared on the face thereof that the cause of action attempted to be alleged was barred by the statute of limitations. The trial court overruled this demurrer and defendant has appealed from that order.

The sole question for appellate review is whether the trial court erred in overruling the demurrer.

We shall not restate the statute (G. S. 1957 Supp. 8-135 [*c*] [6]) upon which the petition is based since the material part is quoted above from the petition.

The pertinent portion of G. S. 1949, 60-306, relied on by defendant for reversal of the trial court's order is:

"Civil actions, other than for the recovery of real property  .  .  .

"*Third.*  Within two years:  .  .  .  an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property  .  .  .  an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The portion of the same statute of limitations relied on by plaintiffs provides:

"Civil actions, other than for the recovery of real property  .  .  .

"*Second.*  Within three years:  An action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

The question, as above stated, can only be answered after a determination as to whether the action is one based on a liability created by statute, as contended by plaintiffs, or is one based on fraud so the two year statute of limitations applies, as contended by defendant.  If the action falls in the former category then the trial court was correct in overruling the demurrer but if it falls in the latter, the trial court was in error because in that instance the action was barred by the statute of limitations.

G. S. 1957 Supp. 8-135 applies to the registration of vehicles such as the one here involved and naturally tends to retard the transfer of titles to vehicles to prevent fraud and theft.  It is of paramount importance to prevent fraud, theft and trafficking in automobiles. The provisions of the statute are plain, clear and unambiguous and they make it mandatory that a certificate of title had to pass from the defendant to the plaintiffs by assignment thereof at the time of delivery of the trailer in question.  Otherwise, the attempted transaction was fraudulent and void.  (*Sims v. Sugg,* 165 Kan. 489, 492, 493, 196 P. 2d 191.)

Industrious counsel cited abundant decisions of this court containing identical rules of law to those stated in the Sims case, and some which involved other statutes such as the commonly denominated "Bulk-sales act" ( G. S. 1949, 58-101) but we cannot see the contended similarity of that statute, as interpreted in *Bank of Palmer v. Haley,* 127 Kan. 544, 546, 274 Pac. 265, with the one now under consideration.

In *Tilson v. Newell,* 179 Kan. 73, 293 P. 2d 227, after a purchaser had executed mortgages to a finance company, the seller of three motor trucks and the finance company refused to deliver the certificates of title for the trucks to the purchaser at the time of delivery. This court held that the transaction was "fraudulent and void" and

the purchaser could maintain an action to recover the purchase price of the trucks and for damages resulting from the *unlawful acts* of the seller and the finance company. After a comprehensive discussion of some of our many decisions on the subject, this court made these concluding remarks:

"In other words, plaintiffs were unable to get hold of the certificates of title either from Newell [seller of the trucks] or appellant [the finance company] and the *fraudulent* and *unlawful* acts of both defendants are what caused the transaction to be fraudulent and void." (p. 78.) (Our emphasis.)

In view of the ruling in the Tilson case, there can be no doubt that plaintiffs' petition states a cause of action founded on the fraudulent and unlawful acts of defendant and, as a result, the action was not commenced within the time provided and prescribed by the two year statute of limitation. This was a bar to the bringing of the action in fraud and the demurrer was improperly overruled by the trial court. We are unable to subscribe to the contention of plaintiffs that the action was based on a liability created by statute so as to invoke the three year statute of limitation.

The judgment of the trial court is reversed with directions to sustain the demurrer of defendant to the petition of the plaintiffs.