(726 P.2d 293)

No. 58,580

CHERRI QUIGLEY, *Appellant*, v. LARRY SEARS, *Appellee*.

—

Opinion filed October 9, 1986.

*Joanne Katz* and *Luis Mata*, of Wyandotte-Leavenworth County Legal Aid Society, of Kansas City, for the appellant.

*Robert L. Morse*, of Overland Park, for the appellee.

Before ABBOTT, C.J., PARKS, J., and HARRY G. MILLER, District Judge Retired, assigned.

PARKS, J.: This appeal arose out of plaintiff's small claims action to recover money paid defendant for the purchase of a car. Plaintiff prevailed in both the small claims proceeding and on defendant's appeal to district court. She now appeals the amount of the judgment awarded and the district court's failure to award punitive damages or attorney fees.

On January 5, 1985, plaintiff Cherri Quigley bought a 1974 Ford Torino from Larry Sears, the defendant and owner of Central Auto Credit. Plaintiff paid the purchase price of $450 plus $22.50 in sales tax. Defendant gave plaintiff a car title and sales receipt but made marks on the title altering it.

Plaintiff immediately began to experience mechanical difficulties with the car and by January 15 had paid $84.66 in repairs. On February 7, plaintiff incurred an additional $10.45 in car repairs.

Sometime at the end of January, plaintiff went to the county clerk's office to obtain license tags for her new car. However,

when she presented the title supplied by defendant, the clerk explained that the title was no good. The clerk called a uniformed police officer to the office and plaintiff was asked to accompany him to the district attorney's office. Plaintiff testified that she was worried and humiliated by the incident. She went with the officer to the district attorney's office, where she met with Mr. Nick Tomasic, the district attorney, and Mr. Dan Doyle, an assistant district attorney. The car title was retained by the district attorney's office and Ms. Quigley was told that her title was no good.

Following this incident, Ms. Quigley testified that she called the defendant and demanded her money back. The defendant refused to return the money and asked Ms. Quigley to get the car title back from the district attorney.

After the defendant refused to return the $472.50 to Ms. Quigley, she filed an action in small claims court, where she obtained a judgment against him for $450 and costs. On July 22, 1985, Ms. Quigley sent a letter by certified mail to the defendant wherein she enclosed the key to the 1974 Ford Torino and asked the defendant to pick up the car.

Defendant appealed from the small claims judgment and plaintiff responded by filing, with the assistance of counsel, a new petition. In addition to the cost of the car itself, plaintiff also prayed for the $95.11 spent in repairs on the car, $1,135 punitive damages, and attorney fees. On the day of trial, plaintiff filed a motion for attorney fees of $1,200 accompanied by affidavits claiming 15 hours of work at $80/hour. Also accompanying the motion were copies of the informations and journal entries of nolo contendere pleas entered by defendant in five separate charges of the crime of failure to deliver title in violation of K.S.A. 8-135(6), 8-135(7), and 8-149. One of these convictions arose out of the facts of this case, two involved sales of cars in 1984 and the remaining two convictions arose out of sales which took place after the sale to plaintiff. All five convictions were entered on April 10, 1985.

This case was tried on August 19, 1985, before a judge pro tem. Plaintiff established without rebuttal by defendant that the title supplied by defendant was ineffective because it had been improperly altered. Plaintiff failed to offer the evidence of defendant's criminal convictions into evidence but, according to

counsel, they were referred to in argument concerning the propriety of awarding punitive damages. These arguments were not transcribed. The court refused to award any of the additional damages claimed by plaintiff in district court. Judgment was entered for $450 plus $10 for the cost of filing the small claims action. The court made no findings of fact or conclusions of law in the record.

Plaintiff contends on appeal that the district court erred in failing to award her damages for all of the actual damages she sustained as a result of defendant's failure to deliver good title to the car and in failing to award punitive damages for fraud. Defendant argues that the court's action was justified because, since plaintiff filed her suit as a small claims action, she was limited on the appeal to a recovery of the $500 maximum permitted in such a case at the time this action was filed. K.S.A. 61-2703(a). See L. 1986, ch. 224, § 1 (amending K.S.A. 61-2703 to increase a "small claim" from $500 to $1,000). Defendant contends that the district court's jurisdiction on appeal is derived from the small claims suit so that he may not be subjected to the possibility of damages in excess of $500 even though the trial itself is de novo. Plaintiff argues that the significance of the statutory provision for a de novo trial is that the district court proceeding is not so much an appeal but a completely new proceeding. The plaintiff may rely on her original pleadings but because this is the first time she can be represented by an attorney, she may also file a new petition stating additional claims for relief.

This issue of whether a plaintiff's recovery in an action originally filed as a small claims action is limited on defendant's appeal to district court to the amount plaintiff could have recovered in the small claims proceeding was recently decided in *Armstrong v. Lowell H. Listrom & Co.*, 11 Kan. App. 2d 448, 725 P.2d 540 (1986). In that case, a panel of this court vacated a judgment in excess of the small claims limit and held that a plaintiff who elects to proceed under the small claims procedure act, K.S.A. 61-2701 *et seq.*, waives the right to recover an amount in excess of a small claim. The court concluded that a district court sitting as small claims appellate court may not award the plaintiff a judgment beyond the scope of small claims jurisdiction. Therefore, in order to be consistent with the opinion

in *Armstrong*, we conclude that the district court was limited in the amount that it could award plaintiff by the $500 maximum in effect when the small claims suit was initiated. However, since the court's judgment in this case was less than this maximum, plaintiff's contention that she was entitled to additional damages is not completely resolved.

The district court awarded plaintiff judgment for actual damages of only $450 but her evidence established without contradiction that in addition to the price of the car, plaintiff incurred expenses of $22.50 for sales tax and $84.66 for repairs on the car prior to discovering the defect in the title certificate. Our law clearly provides that the "sale of a vehicle required to be registered under the laws of this state, without assignment of the certificate of title, is fraudulent and void." K.S.A. 1985 Supp. 8-135(c)(7). In addition, case law provides that violation of the registration provisions of the motor vehicle law creates a cause of action for fraud as well as supporting an action for breach of the implied warranty of good title (K.S.A. 84-2-312). *Green v. Devoe Sales, Inc.*, 206 Kan. 238, 244, 477 P.2d 944 (1970); *Gurley v. Broadway Sales Co.*, 184 Kan. 179, 182, 334 P.2d 312 (1959). In light of the uncontested evidence of a violation of the registration law and actual damages to plaintiff in excess of $500, the court erred in failing to award plaintiff the maximum recovery permitted in a small claims appeal.

Plaintiff also complains that the district court erred in failing to award attorney fees. K.S.A. 61-2709(a) *requires* the trial court to award the successful appellee reasonable attorney fees incurred in the appeal of a small claims action. *Szoboszlay v. Glessner*, 233 Kan. 475, 482, 664 P.2d 1327 (1983). It is undisputed that plaintiff was a successful appellee since she obtained substantially the same amount she was awarded in the original small claims proceeding. *Szoboszlay*, 233 Kan. at 482-84. However, defendant contends that the mandatory attorney fee provision does not apply because no fees were "incurred" by plaintiff since she was provided free representation by the Wyandotte-Leavenworth County Legal Aid Society.

In federal cases applying the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (1982), the courts have uniformly concluded that wording referring to "incurred" attorney fees does not preclude the award of such fees to a party who is represented

without charge. *Watford v. Heckler*, 765 F.2d 1562, 1567, n. 6 (11th Cir. 1985); *Cornella v. Schweiker*, 728 F.2d 978, 986 (8th Cir. 1984). The basis for these decisions hinges largely on the purpose and legislative history of the particular law involved. Nevertheless, the reasoning of those decisions is pertinent to the application of the Kansas law.

The purpose of the requirement that attorney fees be awarded to a successful appellee is to discourage meritless or harassing appeals. The small claims procedure is intended as an inexpensive method of dispute resolution and for this reason attorneys are not permitted to participate. If the defendant can freely appeal and subject the plaintiff to the incursion of attorney expenses which are likely to exceed his original claim, the plaintiff's goal of economical justice is thwarted. However, in addition to the plaintiff, it is our court system which is needlessly taxed with the repetitious resolution of a dispute. The mandatory attorney fee award not only protects the appellee, it encourages finality and serves as a deterrent against a waste of judicial resources. This deterrent purpose is served regardless of whether the attorney fee expense for the appellee is incurred by the appellee directly or is absorbed by the treasury of an agency providing free legal representation. It makes little sense to deter only those appellants who are sure their opponent would not qualify for legal aid from needlessly appealing a small claims judgment.

The fundamental rule of statutory construction to which all others are subordinate is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. *In re Tax Protests of Midland Industries, Inc.*, 237 Kan. 867, 871, 703 P.2d 840 (1985). In light of the dual purpose of the attorney fee provision, the mandatory award should not be precluded because the successful appellee was represented without charge by a legal aid society.

We conclude that the district court erred in failing to award plaintiff a judgment for the maximum amount of damages which may be recovered in a small claims appeal and in failing to award reasonable attorney fees. The judgment of the district court is vacated and the case remanded for the entry of judgment consistent with this opinion.